FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

04 MAY 17 PM 1:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

ORLISS CLEVENGER, etc., et al.,          )
                                          )
          Plaintiffs,                     )
                                          )       CIVIL ACTION NO.
v.                                        )       04-AR-0549-M
                                          )
SOLUTIA, INC., et al.,                    )
                                          )
          Defendants.                     )

ENTERED

MAY 17 2004

## MEMORANDUM OPINION

Following the lead of the plaintiff in *Phillip L. Campbell v. Monsanto Company*, CV-04-AR-0548-M, in which plaintiff's motion to remand was granted by this court, plaintiffs in the above-entitled cause orally moved to dismiss their action as against defendant, Solutia, Inc. ("Solutia"). This occurred during oral argument on the motion to remand. Plaintiffs made their said motion in order to supplement or complement their motion to remand. Monsanto Company and the other defendants, not including Solutia, argued that unless this court has subject-matter jurisdiction, it cannot grant plaintiffs' motion to dismiss. As noted, Solutia was not represented at the motion docket, and presumptively has no interest in the issue, because all proceedings against it are stayed. However, the automatic stay as against Solutia does not prevent its creditors from relinquishing their claims. Monsanto's argument overlooks the consistent jurisprudence in this court, and within the Eleventh Circuit, that allows a plaintiff who has filed a

complaint in a state court that has an ambiguous *ad damnum*, and which is removed to the federal court on the basis of alleged diversity, to amend the complaint in order permanently and irrevocably to remove the ambiguity and to fix the *ad damnum* to a sum less then $75,000.  This court finds the present situation analogous to that situation and concludes that the court has sufficient jurisdiction to deal with the issues that involve its jurisdiction, including plaintiffs' proposed dismissal of their action as against a bankrupt defendant.  Therefore, the motion to dismiss as against Solutia will be granted by separate order.

DONE this ___17ᵗʰ___ day of May, 2004.


_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE