IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

04 JUN 25 PH 2:36



ORLISS CLEVENGER, etc., et al.,

    Plaintiffs,

v.

SOLUTIA, INC., et al.,

    Defendants.

CIVIL ACTION NO.
04-AR-0549-M

ENTERED
JUN 25 2004

## MEMORANDUM OPINION

The parties have filed supplementary briefs in response to this court's order of June 10, 2004. The court is now in a slightly better position than it was earlier to decide the questions bearing on its removal jurisdiction.

### Is the Removed Case in the Bankruptcy Court or in the District Court?

The General Order of Reference adopted by the United States District Court for the Northern District of Alabama on July 16, 1984, caused the above-entitled case automatically to be lodged in the Bankruptcy Court for the Northern District of Alabama upon its removal to this court. The bankruptcy court has jurisdiction to order a remand, but could not undertake to decide the merits of this tort action in which a jury trial has been demanded. By separate order, this court will *sua sponte* withdraw the matter from the bankruptcy court and will itself rule on the motion to remand. Under these procedural circumstances, the court sees no purpose to be served in having the bankruptcy court review and rule upon the



same materials this court has already reviewed. This court will, however, instruct the Clerk of the court in future "related to" bankruptcy removals to immediately transmit the entire file to the bankruptcy court where the removed case will be given a case number in that court. The judges of the Northern District of Alabama, as a whole, may want to take another look at the General Order of Reference in application to "related to" removals.

### "Related to" Jurisdiction

This action by Clevenger, et al. against Monsanto, et al., even though it has been abandoned as against Solutia, "relates to" the Solutia bankruptcy estate by virtue of the indemnity agreement executed by Solutia in favor of its then co-defendant, Monsanto, and thus created a rickety vehicle for removal under 28 U.S.C. §§ 1334 and 1452.

### Did Monsanto Waive the Right to Remove?

Monsanto unequivocally invoked the jurisdiction of the state court and employed the resources of that court after Solutia's bankruptcy. **If** this case had been removed under 28 U.S.C. § 1441 instead of under 28 U.S.C. §§ 1334 and 1452, **and if** plaintiffs had raised the waiver issue in their motion to remand, the case would be remanded for those reasons. However, because this is not a § 1441 removal, and because waiver is a procedural defect and is therefore waivable if not raised by the plaintiffs within 30 days, and because plaintiffs' otherwise timely motion to remand did not

expressly raise it, the concept of waiver by participating in the state court cannot form a basis for remand.

### Was Written Notice to Solutia a Prerequisite to Removal?

In responding to this court's order of June 10, 2004, plaintiffs have assumed that the court was asking about the effect of Solutia's not **consenting** to the removal. Plaintiffs misunderstood the court's question. Solutia's consent was not required, and the court never suggested that it was. Monsanto, which understood the court's question, argues that no notice to Solutia was necessary because at the time of the removal Solutia was represented by the same lawyers who represented Monsanto. This is not a satisfactory answer. The removal statute invoked by Monsanto requires **written** notice to **all** litigants in the state court proceeding. There is no exception for a bankrupt litigant. No written notice was given to Solutia. This defect is not fatal in this case because it is a procedural defect, and plaintiffs have not raised it.

### Is Abstention Mandatory in this Case?

The burden of proving the essential elements for mandatory abstention in a "related to" bankruptcy removal is not on the removing defendants. That burden is on the plaintiffs who are seeking a remand, but they can rely upon the removal papers filed by the removing defendants, that is, to the extent that those papers supply proof of the essential elements for the mandatory

3

abstention that is contemplated by 28 U.S.C. § 1334(c)(2). Those elements, all four of which are undisputedly present here, are:

(1) The removed action is based only on a theory or theories of liability provided by state law.

(2) The action, although "related to" a bankruptcy proceeding, is not itself a core proceeding and does not ordinarily arise in a core proceeding.

(3) There is no arguable basis for federal jurisdiction except the connection to a bankruptcy case.

(4) The issues between the parties can be resolved in a timely fashion in the state court.

The only real issue to be resolved by this court arises from the fact that the doctrine of mandatory abstention does not apply to personal injury and wrongful death claims. 28 U.S.C. § 157(b)(5).

Paragraph 2 of Monsanto's notice of removal says:

> In this civil action, Orliss Clevenger, Clevenger Appliance Parts & Service, Timothy K. Roszell, Sondra Roszell, individually and d/b/a T&K Auto Trim ("Plaintiffs") **seek damages for property damage and lost profits** allegedly caused by exposure to polychlorinated biphenyls, or PCBs arising from the chemical plant now owned and operated by Solutia Inc. ("Solutia"). According to the Complaint, Plaintiffs own businesses in Anniston, Alabama, and claim that the **operations and profits of such businesses were adversely impacted** by the PCB stigma associated with areas around Solutia's Anniston plant. Plaintiffs also allege that PCBs have been released onto their property.

(emphasis supplied).

4

Not only does this notice of removal not aver that plaintiffs are making any claim for personal injury or wrongful death, but the state court complaint attached to Monsanto's notice of removal nowhere avers or suggests that plaintiffs are making a claim for personal injury or wrongful death.

In responding to the court's order of June 10, 2004, Monsanto says that in answers to Monsanto's interrogatories, Clevenger admits that he and his family sustained personal injuries such as mental anguish, as a result of the exposure of their real property to a hazardous substance. In the first place, there is a crucial difference between a plaintiff's actually claiming damages for his own personal injuries in his formal complaint, and a plaintiff who only seeks property damages in his formal complaint saying in answer to interrogatories in his case for property damage that he suffered mental anguish as a result of that property damage. A plaintiff cannot recover for a kind of damages that he has not asked for in his pleading. It matters not that he may **believe** that he sustained such damages. The court has a hard time imagining Monsanto's counsel sitting still in the state court, or any other court, while Clevenger's counsel asks the jury to award a million dollars for Clevenger's mental anguish. In the second place, damage to real property used for business does not, in Alabama, provide an opening for a claim of mental anguish that allegedly was suffered by the property owner as a result of the property damage.

5

And, in the third place, Clevenger's answers to interrogatories were not incorporated into Monsanto's notice of removal as a supplement to the unequivocal and limited allegation in paragraph 2 that plaintiffs are suing for **"property damage and lost profits"**.

Because mandatory abstention is, as a practical matter, the same thing as, if not identical to, a lack of removal jurisdiction (*State Bank of Lombard v. Charthouse, Inc.*, 46 B.R. 468 (N.D. Ill. 1985)), it is the material alleged in the notice of removal itself that controls whether or not mandatory abstention is called for, and not facts that are later offered by the removing defendant in defense of plaintiffs' motion to remand, especially if the new facts are inconsistent with the facts asserted in the notice of removal. In other words, for purposes of ruling on plaintiffs' motion to remand under the doctrine of mandatory abstention, this case is not, and cannot be, a claim for personal injury or wrongful death. Therefore, inasmuch as "mandatory" means "mandatory", or "without any means of evasion", the case must be remanded. All of the factors for mandatory abstention are present.

Assuming only for the sake of argument that Clevenger's answers to Monsanto's interrogatories somehow transmogrified a property damage claim into a personal injury claim, there is another principle that absolutely requires abstention in this case. That principle is stated as follows by Professor Moore:

> [M]andatory abstention does not apply to personal injury or wrongful death claims **against the debtor. In the mass**

> **tort context, it does apply to personal injury or wrongful death claims against non-debtor co-defendants even if these defendants have contribution claims against the debtor.**

(emphasis supplied).

Moore's Federal Practice Third, § 107.15[8][c][ii].

This is no longer a case against Solutia, the debtor. Monsanto is a non-debtor and is the co-defendant of the debtor. It has a contribution claim against the debtor by virtue of the indemnity agreement, the existence of which is not disputed. The court takes judicial notice of the fact that the context is one of mass tort. Monsanto disagrees with Professor Moore's reading of *In re Dow Corning*, 86 F. 3d 482 (6th Cir. 1996), *cert. denied*, 519 U.S. 1071 (1996). If Monsanto is wrong and Professor Moore reads *Dow Corning* correctly, Monsanto disagrees with the Sixth Circuit. If this court were not as confident as it is in the correctness of its determination that this is not a personal injury case for the purposes of applying or not applying the doctrine of mandatory abstention, the court might spend more time worrying about *Dow Corning* and Professor Moore. However, the court does find, alternatively, that Professor Moore correctly reads *Dow Corning*, and that *Dow Corning* is correct. This means that even if this case is one for personal injury, it must be remanded under the mandatory abstention doctrine.

### **What If Mandatory Abstention Does Not Apply?**

In the unlikely event that abstention is not mandatory on the basis of the admitted procedural facts in this case, the court would, and, alternatively will, remand this case in an exercise of the equitable discretion provided by 28 U.S.C. § 1334. *See Campbell v. Monsanto*, CV-04-AR-0548-M, April 30, 2004.

### **Conclusion**

Based on the foregoing, a separate order of remand will be entered.

DONE this 25th day of June, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE